# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

THASHA A. BOYD,

              Appellant,

        v.

DEPARTMENT OF LABOR,
   and
DEPARTMENT OF HOMELAND
   SECURITY,

           Agencies.

DOCKET NUMBERS
AT-3443-13-7178-B-1
AT-1221-13-3375-B-1

DATE: March 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thasha A. Boyd, Kennesaw, Georgia, pro se.

Uche N. Egemonye, Esquire, Atlanta, Georgia, for the Department of Labor.

Beverly R. Brooks, Esquire, Washington, D.C., for the Department of Homeland Security.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1    The appellant has filed petitions for review of two initial decisions, which denied her requests for corrective action in these individual right of action (IRA) appeals.  We CONSOLIDATE the appeals because we have determined that doing so will expedite processing of the cases and will not adversely affect the parties' interests.  [5 C.F.R. § 1201.36](#).  Generally, we grant a petition only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)).  After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decisions, AS MODIFIED, to VACATE the finding that the Department of Homeland Security (DHS) proved by clear and convincing evidence that it would have rescinded the appellant's tentative job offer in the absence of her whistleblowing.

¶2    This case was docketed as three separate IRA appeals against the Office of Personnel Management (OPM), Department of Labor (DOL), and DHS, the three parties named by the appellant. *Boyd v. Office of Personnel Management*, MSPB Docket No. AT-0731-13-7162-I-1 (*Boyd I*), Initial Appeal File (7162 IAF); *Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-I-1 (*Boyd II*), Initial Appeal File (7178 IAF); *Boyd v. Department of Homeland Security*, MSPB Docket No. AT‑1221‑13-3375-W-1 (*Boyd III*), Initial Appeal File (3375 IAF).  In

short, the appellant alleged that each of the agencies engaged in whistleblower reprisal in connection with protected disclosures she made at DOL, her former employer, and the rescission of a tentative job offer at DHS, her prospective employer. *E.g.*, 7178 IAF, Tab 1 at 4‑10.

¶3    The administrative judge dismissed *Boyd I* for lack of jurisdiction, and we affirmed. *See Boyd v. Office of Personnel Management*, MSPB Docket No. AT‑0731-13-7162-I-1, Final Order (Nov. 21, 2014).[2]   The administrative judge also dismissed *Boyd II* and *Boyd III* for lack of jurisdiction, 7178 IAF, Tab 10, Initial Decision; 3375 IAF, Tab 11, Initial Decision, but we granted the appellant's petitions for review and remanded those cases to be heard on the merits, *Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-I-1, Remand Order (Nov. 21, 2014) (7178 Remand Order); *Boyd v. Department of Homeland Security*, MSPB Docket No. AT-1221-13-3375-W-1, Remand Order (Nov. 24, 2014).

¶4    On remand, the administrative judge consolidated *Boyd II* and *Boyd III* for purposes of developing the record. *Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-B-1, Remand File (7178 RF), Tab 3; *Boyd v. Department of Homeland Security*, MSPB Docket No. AT-1221-13-3375-B-1, Remand File (3375 RF), Tab 4.   Thereafter, he issued separate decisions, each denying the appellant's requests for corrective action.[3]   7178 RF, Tab 38, Remand Initial Decision (7178 RID); 3375 RF, Tab 18, Remand Initial Decision (3375 RID).

¶5    The appellant has filed similar petitions for review of the *Boyd II* and *Boyd III* remand initial decisions. *Boyd v. Department of Labor*, MSPB Docket No. AT-3443-13-7178-B-1, Petition for Review (7178 PFR) File, Tab 1; *Boyd v. Department of Homeland Security*, MSPB Docket No. AT-1221-13-3375-B-1,

---

[2] *Boyd I* is not at issue here.

[3] The administrative judge issued the decisions on the written record because the appellant withdrew her hearing request. 7178 RF, Tab 24 at 1.

Petition for Review (3375 PFR) File, Tab 1. DOL and DHS each filed a response. 7178 PFR File, Tab 3; 3375 PFR File, Tab 3.

The appellant failed to meet her burden of proving whistleblower reprisal.

¶6 To prevail on the merits of an IRA appeal, an appellant must establish by a preponderance of the evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) that was a contributing factor in an agency's personnel action. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014). If the appellant is able to offer such proof, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Id*.

¶7 In one of several prior appeals involving the appellant, the Board confirmed that the disclosures she relied on in the instant appeals were protected. *See, e.g*., 7178 RF, Tab 27 at 6; *Boyd v. Department of Labor*, Docket Nos. AT‑1221-12-0456-W-1 & AT-1221-12-0665-W-1, Final Order at 7 (Sept. 17, 2013).[4] However, the administrative judge found that the appellant failed to meet her burden of proving the other requisite elements of whistleblower reprisal in the instant appeals. 7178 RID at 12-17; 3375 RID at 10‑14.

*Boyd II*

¶8 In the appeal against DOL, the administrative judge found that the appellant failed to prove that the agency took a "personnel action" against her in connection with DHS's rescinded job offer. 7178 RID at 12-17. We agree.

---

[4] The protected disclosures were the appellant's letters to the Government Accountability Office in May 2010 and April 2011, while employed at DOL, requesting investigation into the operations of the Office of Foreign Labor Certification as it related to a lack of production standards, frequent breaks, pay inequality, questionable hiring practices, misuse of Government equipment, and poor training. *See Boyd*, MSPB Docket Nos. AT‑1221-12-0456-W-1 & AT‑1221-12-0665-W-1, Final Order at 3 n.4 (Sept. 17, 2013).

¶9      The appellant generally alleged that two of her former supervisors at DOL were in positions to be able to provide negative employment references concerning a tentative job offer for her at DHS. 7178 IAF, Tab 5 at 4-5. She surmised that these DOL supervisors provided such references to prevent her appointment elsewhere in retaliation for her whistleblowing. *Id.* at 5. As we remanded the matter for a hearing on the merits, we noted that the allegations could be construed as DOL blacklisting her from future employment, which could constitute a personnel action. 7178 Remand Order, ¶¶ 9-10; *see* 5 U.S.C. § 2302(a)(2)(A) (defining "personnel action" for purposes of the Whistleblower Protection Act); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 23 (2012) (recognizing that although "blacklisting" is not an enumerated personnel action under 5 U.S.C. § 2302(a)(2)(A), construed broadly, it could constitute a failure to appoint, which would be properly before the Board in an IRA appeal if an appellant identifies particular employment opportunities that the agency denied as part of the alleged "blacklisting").

¶10      On remand, the administrative judge found that, although the appellant speculated about her former DOL supervisors providing negative references in reprisal for her whistleblowing, the evidence demonstrated that they did not provide references at all, based upon agency policy and ongoing litigation.[5] 7178 RID at 12-15. The appellant's petition for review seems to further speculate that DOL may have provided a negative reference to DHS in reprisal for her whistleblowing. 7178 PFR File, Tab 1 at 14-15. She alleges that the

---

[5] The record does not establish that the ongoing litigation, which appears to be a defamation lawsuit, was protected activity subject to the Board's jurisdiction over IRA appeals. *See* 7178 RF, Tab 20, Subtab 4e at 82‑85; *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013) (recognizing that the Board's jurisdiction over IRA appeals includes claims alleging that an agency took a personnel action because of the employee's exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a violation of 5 U.S.C. § 2302(b)(8)).

administrative judge erred in crediting the statements of DOL employees because the agency is not trustworthy. *Id*. at 15-16. We find no merit to her arguments.

¶11 The evidence demonstrates that the pertinent DOL component had a policy of providing employment dates but no other substantive information in response to reference checks for prior employees. *See* 7178 RF, Tab 21 at 11, 15‑16. Consistent with that policy, records from individuals investigating the appellant's background for the DHS vacancy reflect DOL's refusal to provide additional information. 7178 RF, Tab 17 at 19, Tab 21 at 13. Although the appellant disagrees with the findings of the administrative judge, who credited the aforementioned evidence, including statements of pertinent DOL officials concerning DOL policy and inquiries about her prior employment, her mere disagreement does not warrant disturbing the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). As discussed above, it was the appellant's burden to prove her claim. *See Aquino*, 121 M.S.P.R. 35, ¶ 10. Because the appellant's allegations were not supported by persuasive evidence, we agree with the administrative judge's conclusion that she failed to meet that burden; she thus failed to establish that her protected disclosures were a contributing factor in a DOL personnel action.

*Boyd III*

¶12 In the appeal against DHS, the administrative judge found that the appellant failed to prove that her protected disclosures at DOL were a contributing factor in DHS's rescission of its tentative job offer.[6] 3375 RID at 10‑14. We agree.

---

[6] The administrative judge also found that DHS proved by clear and convincing evidence that it would have rescinded the tentative job offer in the absence of the appellant's whistleblowing. 3375 RID at 14-15. However, because the appellant failed to prove that her whistleblowing was a contributing factor in the rescission of the

¶13     The most common way of proving that a disclosure was a contributing factor in a personnel action is the knowledge/timing test. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 23 (2014). Under that test, an appellant can prove the contributing factor element through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id*.

¶14     The agency's tentative selection of the appellant for its Citizenship and Immigration Services (CIS) vacancy occurred in October 2012. 7178 RF, Tab 20, Subtab 4b. Over the following months, the agency's Office of Security and Integrity (OSI) and the appellant engaged in back and forth communications, in an attempt to complete her background investigation. *See, e.g.*, 7178 RF, Tab 20, Subtabs 4d-4q. Because that investigation was still pending as of March 2013, CIS contacted OSI, requesting an update on when it would be completed. 7178 RF, Tab 20, Subtab 4s at 3. OSI responded, indicating that it could not provide any estimate "due to the complexity of [the appellant's] security case." *Id*. at 2. Two weeks later, CIS rescinded the tentative job offer, citing the aforementioned delay and a need to fill the position immediately. 7178 RF, Tab 20, Subtab 4t, Tab 30 at 50‑51.

¶15     Although the appellant revealed her disclosures to OSI as part of her background investigation just months before CIS rescinded her job offer, the agency presented evidence that the information was not relayed to the selecting official or anyone else outside of OSI. *Compare, e.g.*, 7178 RF, Tab 20, Subtab 4e at 4 (the appellant's responses to the background investigation,

tentative job offer, the administrative judge erred in reaching that issue. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (recognizing that the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case), *aff'd*, No. 2014‑3013, 2015 WL 8538501 (Fed. Cir. Dec. 11, 2015). We therefore vacate the administrative judge's clear and convincing finding.

including information concerning lawsuits involving her allegations of whistleblower reprisal at DOL), *with* 7178 RF, Tab 30 at 50-51 (declaration of the CIS selecting official, P.O., denying any knowledge of the appellant's whistleblowing and explaining that the rescission was necessary to fill the vacancy expeditiously), 54-55, 58-59, 61-62, 64-65 (declarations from R.M., K.A., C.F., and R.H., individuals with OSI, explaining that the processing of an applicant's background investigation does not include revealing responses to a selecting official; denying any communications with the selecting official for the appellant's vacancy; and denying any involvement in the decision to rescind the appellant's tentative job offer).  In the absence of contrary evidence, the administrative judge found that the selecting official had no knowledge of the appellant's whistleblowing at DOL, and the appellant failed to demonstrate that her protected disclosures at DOL were a contributing factor in the rescission of the tentative job offer at DHS.  3375 RID at 10‑14.

¶16    On review, the appellant alleges that the administrative judge erred because he failed to consider whether the selecting official, P.O., had constructive knowledge of her whistleblowing.  *E.g.*, 3375 PFR File, Tab 1 at 9-14.  As an initial matter, we note that the appellant did not clearly argue that the selecting official had constructive knowledge of her whistleblowing below.  *See* 7178 RF, Tab 27  at 10,   24-25;   *see generally Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (discussing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  Moreover, although the appellant asserts that the administrative judge should have considered the possibility, we are not persuaded that constructive knowledge applies in this case.

¶17    An appellant may show that a protected disclosure was a contributing factor by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge.  *Nasuti v.*

*Department of State*, [120 M.S.P.R. 588](), ¶ 7 (2014). An appellant may establish constructive knowledge by demonstrating that an individual with actual knowledge of her disclosure influenced the official accused of taking the retaliatory action. *Id*.

¶18    As detailed above, the record reflects that the parties with actual knowledge of the appellant's whistleblowing merely declined to provide an estimate on when her background investigation would be completed. *E.g*., 7178 RF, Tab 20, Subtab 4s at 2-3, Tab 30 at 50-51, 54-55, 58-59, 61-62, 64‑65. The appellant has not identified any persuasive argument or evidence that the individuals with knowledge of her disclosures influenced the selecting official's decision to rescind the tentative job offer. *Cf. Aquino*, [121 M.S.P.R. 35](), ¶¶ 21-24 (finding that an appellant proved contributing factor through constructive knowledge where his supervisor reported concerns about the quality of his work just days after learning that he made disclosures, and higher-level agency officials exclusively relied on those concerns in removing the appellant). While the appellant seems to suggest that the agency's evidence primarily consists of self‑serving sworn declarations, it was her burden to prove that her disclosures were a contributing factor in the agency's personnel action.[7] *See Aquino*, [121 M.S.P.R. 35](), ¶ 10. Accordingly, we agree with the administrative judge's conclusion that the appellant failed meet her burden; she therefore failed to prove that her protected disclosures at DOL were a contributing factor in the rescission of her tentative job offer at DHS.

---

[7] To the extent that the appellant also has argued that the administrative judge erred in crediting "self-serving" statements of DHS officials to find that the agency proved by clear and convincing evidence that it would have rescinded the tentative job offer in the absence of her whistleblowing, *see* 3375 PFR File, Tab 1 at 10-13, we need not address the argument because we are vacating the administrative judge's clear and convincing analysis.

<u>The appellant has failed to establish any other basis for disturbing the initial decisions.</u>

¶19    The appellant alleges that the administrative judge erred by denying her motions to subpoena nonparties S.B. and R.R. below.[8]  *E.g.*, 3375 PFR File, Tab 1 at 5‑9.  We disagree.  A subpoena request "must identify specifically the books, papers, or testimony desired."  5 C.F.R. § 1201.81(b).  The request also must "be supported by a showing that the evidence sought is directly material to the issues involved in the appeal."  5 C.F.R. § 1201.81(c).  The appellant's subpoena requests failed to meet those standards.  Rather than specifically identifying material information that she sought, the appellant generally and repeatedly requested that the administrative judge order S.B. and R.R. to "respond to any and all requests made by appellant for documents, evidence, scheduled depositions and/or scheduled testimony regarding and related to the instant appeal."  *E.g.*, 7178 RF, Tab 5 at 4, Tab 10 at 4, Tab 22 at 8.  Accordingly, we find that the administrative judge did not abuse his discretion and that he properly denied the motions to subpoena nonparties S.B. and R.R.  7178 RF, Tab 24 at 5-7; 7178 RID    at 2-3;  *see   generally   Ryan v.   Department   of   the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012) (finding that the Board will not reverse an administrative judge's rulings on discovery matters, the exclusion of witnesses, and rulings concerning proceedings absent an abuse of discretion).

¶20    The appellant also alleges that the administrative judge's processing of the appeals included a number of factual errors.  *E.g.*, 3375 PFR File, Tab 1 at 14‑15.  For example, she alleges that a portion of a prehearing conference summary discussing a motion to compel referred to DHS, when it should have referred to

---

[8] The appellant identified S.B. as the Federal contractor responsible for conducting her background investigation concerning DHS's tentative job offer.  7178 RF, Tab 10 at 4.  She identified R.R. as the former DOL employee responsible for issuing the DOL policy concerning responses to job referrals and background investigations that permitted only the release of beginning and end dates of employees without referral to a separate DOL component.  7178 RF, Tab 5 at 4-5, 11‑12.

DOL.  *Id*. at 14.  Another example is the appellant's allegation that the background discussions in the initial decisions refer to DOL imposing a 10‑day suspension when, in fact, she resigned from her position before the agency had the opportunity to impose the suspension.  *E.g*., 3375 PFR File, Tab 1 at 14. However, the appellant has failed to demonstrate how these alleged errors were harmful to her substantive rights.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶21      Finally, the appellant seems to assert that the administrative judge was biased against her.  *E.g*., 3375 PFR File, Tab 1 at 8, 15.  For example, she suggests that the administrative judge denied her motions in an effort to aid the agencies' litigation of these cases and delayed the processing of her appeals without reason.  *Id*.  She also refers to the fact that we previously remanded the appeals, suggesting that those remands are proof that the administrative judge has not carefully considered her claims.  *Id*. at 15.  We find no merit to these allegations.  *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (holding that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators); *see also Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (discussing that an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decisions, as supplemented by this Final Order, constitute the Board's final decisions in these matters.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The Court of Appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                William D. Spencer
                                Clerk of the Board

Washington, D.C.